CHARLES B. PERKINS #126942
FLYNN, ROSE & PERKINS
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
(408) 399-4566
Email: cbperk@earthlink.net

Attorney for Plaintiff
TERREL HOFFMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERREL HOFFMAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, and SYNOPSYS, INC. LONG TERM DISABILITY PLAN,<br><br>　　　　Defendants. | Case No.  C08 00301 JF<br><br>COMPLAINT FOR DAMAGES (*29 U.S.C. §1132 (a)(1)(B)* |

Plaintiff alleges:

1. Plaintiff obtained the long-term disability coverage at issue while she lived and worked in Santa Clara County, in the above-captioned judicial district. The actions complained of occurred while Plaintiff resided in Santa Clara County.

2. Defendant Synopsys, Inc. Long Term Disability Plan (hereinafter "LTD Plan") is an employee benefit plan established pursuant to the Employee Retirement Income Security Act of 1974, *29 USC §1001, et seq*. ("ERISA").

3. Liberty Life Assurance Company of Boston (hereinafter "LIBERTY") is an insurance company which is domiciled in the State of Massasuchetts, and is duly authorized to transact the business of insurance in the State of California.

4. The benefits provided pursuant to the LTD Plan are insured by LIBERTY. Decisions respecting payment of benefits due under the LTD Plan and responses to appeals of denials of benefits are made by LIBERTY, which functions as the plan administrator for insured claims.

5. The LTD Plan provides benefits to plan beneficiaries in the above-captioned judicial district.

6. Venue is proper as Defendants may be found in this district, and as Plaintiff resided in Santa Clara County at the time she became disabled.

7. This court has original jurisdiction of this matter under *29 U.S.C. §1132(e)* as an action brought pursuant to *29 U.S.C. §1132(a)(1)(B)*.

8. Plaintiff became an employee of Synopsys, Inc. and a beneficiary of the LTD Plan. The LTD Plan provides for the payment of benefits under the LIBERTY insurance policy if plan beneficiaries become disabled, defined as follows:

> i. If the Covered Person is eligible for the 24 Month Own Occupation Benefit, "**Disability**" or "**Disabled**" means during the Elimination Period and the next 24 months of Disability the Covered Person is unable to perform all of the material and substantial duties of his occupation on Active Employment basis because of "Injury" or "Sickness;" and,
> ii. After 24 months of benefits have been paid, the Covered Person is unable to perform, with reasonable continuity, all of the material and substantial duties of his own or any other occupation for which he is or becomes reasonably fitted by training, education, experience, age and physical and mental capacity.

9. As a beneficiary of the LTD Plan, Plaintiff was eligible for the 24 Month Own Occupation Benefit.

10. Plaintiff worked for Synopsys, Inc. as a technical writer. She worked as an employee of Synopsys, Inc. from 1993 until 1996, as a contractor at Synopsys, Inc. from 1998 until about 2001, and as an employee of Synopsys, Inc. from September 2001 through the date of her disability in 2004.

11. Plaintiff's own occupation as a technical writer requires constant keyboard use. By

January 2003, Plaintiff was working 7 days a week, at least 10 hours a day, due to the demands of her workload at Synopsys, Inc.  By September 2003, Plaintiff was suffering from an increasing amount of pain in her upper extremities.  As of May 2004, Plaintiff's primary physician told her that she should restrict herself to 20 hours of work a week due to upper extremity and back pain.

12.   Plaintiff made a Workers' Compensation claim, and her care was transferred to Sunita Jayakar, M.D.  Dr. Jayakar diagnosed bilateral upper extremity, repetitive strain injury and gave Plaintiff restrictions of no keyboarding or mousing more than 4 hours per day.

13.   Plaintiff made a claim for benefits to LIBERTY.

14.   Within the restrictions recommended by Dr. Jayakar, Plaintiff could no longer perform her own occupation, and Synopsys, Inc. terminated her employment in October 2004.

15.   LIBERTY denied Plaintiff's claim for benefits by letter dated January 17, 2005.

16.   LIBERTY's January 17, 2005 denial letter asserted that Plaintiff did not meet the definition of disability because, "Although you may continue to experience some symptoms, the medical information contained in your file does not support complications severe enough to prevent you from performing the material and substantial duties of any occupation full time, your medical information also does not support that your work hours could not be increased to at least 6.50 hours per day, 5 days a week."

17.   On or about January 20, 2005, Dr. Jayakar issued a permanent and stationary report. Dr. Jayakar's diagnosis was chronic cervical sprain with myofacial pain with underlying cervical degenerative disc disease and cervical spondylosis, chronic right shoulder tendonitis, and bilateral upper extremity repetitive strain injury with myofascial pain.  Dr. Jayakar recommended limiting keyboard and mousing to 3 hours per day, on an intermittent basis, in an 8 hour work day, and found that Ms. Hoffman could not return to her usual and customary job due to the extent of keyboarding and mousing that is required for her job as a technical writer.

18.   On June 10, 2005, Plaintiff was evaluated by Tracy Newkirk, M.D.  Dr. Newkirk found Plaintiff to be totally disabled.

19.   Plaintiff retained counsel and submitted an appeal dated July 14, 2005. The appeal submitted additional medical information and requested LIBERTY to delay its review for

submission of further information.

20. LIBERTY initially denied the appeal by letter dated August 23, 2005, without waiting for additional information to be submitted.

21. LIBERTY agreed to review additional information, which was submitted on or about September 9, 2005. This included a report from Dr. Newkirk documenting his opinion that Plaintiff is disabled due to costoclavicular thoracic outlet syndrome.

22. LIBERTY issued a final denial by letter dated December 12, 2005.

23. The December 12, 2005 denial letter includes a reference to a review physician's opinion agreeing with Dr. Jayakar's evaluation, and it identified restrictions in Plaintiff's ability to perform her own occupation.

24. LIBERTY's December 12, 2005 denial of Plaintiff's appeal constituted an abuse of discretion because the basis for the denial is different than the basis for denial stated in the January 17, 2005 denial letter. LIBERTY admits that Plaintiff has restrictions and limitations, but asserts, for the first time on appeal, that Plaintiff's own occupation can be performed with breaks and accommodations. The denial letter is inconsistent because it admits that Plaintiff has restrictions and limitations, but also asserts that she does not.

25. LIBERTY's denials of Plaintiff's claim and appeal were wrongful and were abuses of discretion because Plaintiff is disabled as defined by the LTD Plan due to pain and numbness in her upper extremities caused by over-use and thoracic outlet syndrome.

26. Defendants never had Plaintiff examined by a physician.

27. LIBERTY's denials of Plaintiff's claim and appeals are not supported by substantial evidence.

28. LIBERTY's denials of Plaintiff's claim and appeals were made in bad faith.

29. In denying Plaintiff's claim and appeals, LIBERTY operated under an actual conflict of interest which affected its claims decisions

30. Plaintiff has exhausted the administrative appeal procedures provided for in the LTD Plan.

31. As a result of the actions of Defendants, and each of them, as above alleged,

Plaintiff has been deprived of the long-term disability benefits to which she is entitled as a disabled former employee of Synopsys, Inc.

32. Plaintiff's monthly benefit due under the LTD Plan is approximately $6,125.00. Benefits should have started as of approximately November 1, 2004.

33. Plaintiff is entitled to attorneys' fees and costs pursuant to *29 U.S.C. §1132(g)(1)*.

34. Pursuant to *29 U.S.C. §1132(a)(1)(B)*, Plaintiff brings this action to recover benefits due to her under the terms of the LTD Plan, to enforce her rights under the terms of the LTD Plan, and to clarify her rights to future benefits under the terms of the LTD Plan.

35. Pursuant to *29 U.S.C. §1132(a)(3)*, Plaintiff seeks appropriate equitable relief in the form of an order reinstating her disability benefits and requiring LIBERTY to pay her benefits in the absence of clear and convincing evidence that her condition has improved.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1) For long term disability benefits due from approximately November 1, 2004, through the date of judgment, at the rate of $6,125.00 per month, and interest thereon;

(2) For an order reinstating Plaintiff into the LTD plan and requiring payment of future long-term disability benefits;

(3) For restoration of all associated benefits which Plaintiff is entitled to as a disabled employee of Synopsys, Inc.;

(4) For reasonable attorneys' fees and costs; and,

(5) For such other and further relief as the Court may deem just and proper.

DATE: January 16, 2008                         FLYNN, ROSE & PERKINS

                                              By     /s/
                                              CHARLES B. PERKINS
                                              Attorney for Plaintiff