PAMELA E. COGAN (SBN 105089)
pcogan@rmkb.com
KATHRYN C. CURRY (SBN 157099)
kcurry@rmkb.com
JENNIFER A. WILLIAMS (SBN 244707)
jwilliams@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone:    (650) 364-8200
Facsimile:    (650) 780-1701

Attorneys for Defendant
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERREL HOFFMAN,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; SYNOPSYS, INC. LONG TERM DISABILITY PLAN,

    Defendants.

CASE NO. CV 08-00301 JF

**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") in answer to the Complaint of plaintiff Terrel Hoffman ("plaintiff") on file herein, and to each and every cause of action contained therein, admits, denies and alleges as follows:

1.    Answering the allegations contained in paragraph 1, Liberty Life lacks information and belief sufficient to admit or deny the allegations contained therein, and therefore denies them.

2.    Answering the allegations contained in paragraph 2, Liberty Life admits that the defendant Synopsys, Inc. Welfare Plan ("Synopsys Plan"), erroneously sued herein as the Synopsys, Inc. Long Term Disability Plan, is an employee welfare benefit plan subject to and governed exclusively by the Employment Retirement Income Security Act of 1974 ("ERISA").

3.    Answering the allegations contained in paragraph 3, Liberty Life admits that it is a

corporation with its principal place of business in the State of Massachusetts authorized to transact and is transacting business in California.

4. Answering the allegations in paragraph 4, Liberty Life admits that the long-term disability portion of the Synopsys Plan was insured by a Group Disability Income Policy ("the Policy"), number GF3-860-038492-01, issued to Synopsys, Inc. by Liberty Life. Liberty Life further admits it is a party designated by the Synopsys Plan and the Policy to make benefits determination under the Synopsys Plan with respect to long-term disability coverage. As to the remaining allegations contained in paragraph 4, Liberty Life denies each and every allegation contained therein.

5. Answering the allegations in paragraph 5, Liberty Life admits that the long-term disability portion of the Synopsys Plan provides long-term disability benefits to its participants. As to the remaining allegations contained in paragraph 5, Liberty Life denies each and every allegation contained therein.

6. Answering the allegations contained in paragraph 6, Liberty Life admits that venue is proper in this judicial district pursuant to 29 U.S.C. § 1131(e)(2). As to the remaining allegations contained in paragraph 6, Liberty Life denies each and every allegation contained therein.

7. Answering the allegations contained in paragraph 7, Liberty Life admits this action is brought under 29 U.S.C. § 1132 of the Employment Retirement Income Security Act of 1974 ("ERISA") and is governed exclusively by ERISA. Liberty Life further admits that jurisdiction is proper under 28 U.S.C. §1331 as this action involves a federal question.

8. Answering the allegations contained in paragraph 8, Liberty Life admits on information and belief that plaintiff was formerly employed by Synopsys, Inc. Liberty Life further admits on information and belief that plaintiff is a participant in the long-term disability income portion of the Synopsys Plan. As to the remaining allegations contained in paragraph 8, Liberty Life denies each and every allegation contained therein as an incomplete and inaccurate summary of the Policy, which speaks for itself.

9. Answering the allegations contained in paragraph 9, Liberty Life admits on

information and belief that plaintiff is a participant in the long-term disability portion of the Synopsys Plan. As to the remaining allegations contained in paragraph 9, Liberty Life denies each and every allegation contained therein.

10. Answering the allegations contained in paragraph 10, Liberty Life admits upon information and belief that plaintiff was formerly employed by Synopsys, Inc. as a Senior Technical Writer II. As to the remaining allegations contained in paragraph 10, Liberty Life lacks information and belief sufficient to admit or deny the allegations contained therein, and therefore denies them.

11. Answering the allegations contained in paragraph 11, Liberty Life denies the allegations contained therein as to the details of plaintiff's employment and injuries allegedly sustained therein. Liberty Life admits that in May 2004 plaintiff was released to return to work for four hours a day. As to the remaining allegations contained in paragraph 11, Liberty Life denies each and every allegation contained therein.

12. Answering the allegations contained in paragraph 12, Liberty Life admits that plaintiff filed a workers' compensation claim for her alleged injuries. As to the remaining allegations contained in paragraph 12, Liberty Life denies the allegations as an inaccurate and incomplete summary of plaintiff's medical condition, medical treatment, and medical records, which speak for themselves.

13. Answering the allegations contained in paragraph 13, Liberty Life admits plaintiff made a claim for long-term disability benefits under the Policy to Liberty Life.

14. Answering the allegations contained in paragraph 14, Liberty Life admits on information and belief that plaintiff's employment was terminated in October 2004. As to the remaining allegations contained in paragraph 14, Liberty Life lacks information and belief sufficient to admit or deny the allegations contained therein, and therefore denies them.

15. Answering the allegations contained in paragraph 15, Liberty Life admits that it denied plaintiff's claim for long-term disability benefits by letter dated January 17, 2005.

16. Answering the allegations contained in paragraph 16, Liberty Life admits that it denied plaintiff's claim for long-term disability benefits by letter dated January 17, 2005, which

speaks for itself. As to the remaining allegations contained in paragraph 16, Liberty Life denies the allegations as an inaccurate and incomplete summary of its letter dated January 17, 2005.

17. Answering the allegations contained in paragraph 17, Liberty Life admits that Dr. Sunita Jayakar issued a Permanent and Stationary Report dated January 20, 2005, which speaks for itself. As to the remaining allegations contained in paragraph 17, Liberty Life denies the allegations as an inaccurate and incomplete summary of Dr. Jayakar's report dated January 20, 2005.

18. Answering the allegations contained in paragraph 18, Liberty Life admits that plaintiff was evaluated by Dr. Tracy Newkirk on June 10, 2005. Liberty further admits that Dr. Newkirk generated an office visit note on June 10, 2005, which speaks for itself. As to the remaining allegations contained in paragraph 18, Liberty Life denies the allegations as an inaccurate and incomplete summary of the office visit note dated June 10, 2005.

19. Answering the allegations contained in paragraph 19, Liberty Life admits that plaintiff appealed Liberty Life's denial through her attorney by letter dated July 14, 2005, which speaks for itself. As to the remaining allegations contained in paragraph 19, Liberty Life denies the allegations as an inaccurate and incomplete summary of her letter dated July 14, 2005.

20. Answering the allegations contained in paragraph 20, Liberty Life admits that it upheld its determination to deny plaintiff's claim for long-term disability benefits by letter dated August 23, 2005. As to the remaining allegations contained in paragraph 20, Liberty Life denies the allegations as an inaccurate and incomplete summary of its letter dated August 23, 2005.

21. Answering the allegations contained in paragraph 21, Liberty Life admits that plaintiff submitted additional information in support of her appeal on September 9, 2005, which Liberty agreed to, and did, review. As to the remaining allegations contained in paragraph 21, Liberty Life denies the allegations contained therein to the extent they are an inaccurate and incomplete summary of the documents sent to Liberty Life.

22. Answering the allegations contained in paragraph 22, Liberty Life admits that it upheld its determination to deny plaintiff's claim for long-term disability benefits by letter dated December 12, 2005.

23. Answering the allegations contained in paragraph 23, Liberty Life admits that it upheld its determination to deny plaintiff's claim for long-term disability benefits by letter dated December 12, 2005, which speaks for itself. As to the remaining allegations contained in paragraph 23, Liberty Life denies the allegations as an inaccurate and incomplete summary of its letter dated December 12, 2005.

24. Answering the allegations contained in paragraph 24, Liberty Life denies each and every allegation contained therein.

25. Answering the allegations contained in paragraph 25, Liberty Life denies each and every allegation contained therein.

26. Answering the allegations contained in paragraph 26, Liberty Life admits that it did not conduct an Independent Medical Examination of plaintiff during the claim.

27. Answering the allegations contained in paragraph 27, Liberty Life denies each and every allegation contained therein.

28. Answering the allegations contained in paragraph 28, Liberty Life denies each and every allegation contained therein.

29. Answering the allegations contained in paragraph 29, Liberty Life denies each and every allegation contained therein.

30. Answering the allegations contained in paragraph 30, Liberty Life admits that plaintiff exhausted her administrative remedies.

31. Answering the allegations contained in paragraph 31, Liberty Life denies each and every allegation contained therein.

32. Answering the allegations contained in paragraph 32, Liberty Life denies each and every allegation contained therein.

33. Answering the allegations contained in paragraph 33, Liberty Life denies each and every allegation contained therein.

34. Answering the allegations contained in paragraph 34, Liberty Life admits that a controversy exists. Liberty Life further admits that this action is brought under and governed exclusively by 29 U.S.C. § 1132 of ERISA. Liberty Life denies that plaintiff is disabled under

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5093077.1/JAW                - 5 -                DEFENDANT LIBERTY LIFE'S ANSWER TO
                                                      PLAINTIFF'S COMPLAINT
                                                      CASE NO. CV 08-00301 JF

the terms of the Policy, denies that plaintiff is entitled to benefits under the Policy, and denies that she is entitled to any relief.

35. Answering the allegations contained in paragraph 35, Liberty Life admits that a controversy exists. Liberty Life further admits that this action is brought under and governed exclusively by 29 U.S.C. § 1132 of ERISA. Liberty Life denies that plaintiff is disabled under the terms of the Policy, denies that plaintiff is entitled to benefits under the Policy, and denies that she is entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Liberty Life alleges that said Complaint fails to state facts sufficient to constitute a cause of action against it.

### SECOND AFFIRMATIVE DEFENSE

### (Conditions Precedent)

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Liberty Life alleges that at all times and places mentioned in the complaint herein, plaintiff failed to perform certain conditions precedent to the duty of Liberty Life. These conditions precedent were imposed upon plaintiff by contract. The non-performance of said conditions excused Liberty Life's obligations under the contracts and has given Liberty Life the right of disaffirmance, rescission and release; plaintiff is therefore barred from recovery herein.

### THIRD AFFIRMATIVE DEFENSE

### (No Coverage/Barred by Terms and Conditions)

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Liberty Life alleges that the claims alleged against it, in whole or in part, do not fall within the scope of the coverage or are barred by the terms, conditions, definitions, exclusions,

and the limitations contained the group income disability policy issued by Liberty Life.

### FOURTH AFFIRMATIVE DEFENSE

### (Conduct Not Arbitrary or Capricious)

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Liberty Life alleges that its conduct was not arbitrary or capricious.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Liberty Life alleges that the Complaint is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Set-Off)

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Liberty Life alleges that plaintiff's recovery, if any, against Liberty Life must be off-set by all amounts of overpayment of benefits to plaintiff and any interest owed thereon, and by any other amounts appropriate for set-off.

### SEVENTH AFFIRMATIVE DEFENSE

### (Standard of Review)

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Liberty Life alleges that the claim determination is subject to abuse of discretion review because the Policy unambiguously conferred discretion on Liberty Life to interpret the Policy and determine plaintiff's eligibility for long-term disability benefits under it, and Liberty Life adhered to and complied with all practices and procedures prescribed by ERISA and its implementing regulations while processing and deciding plaintiff's claim.

**EIGHTH AFFIRMATIVE DEFENSE**

(No Abuse of Discretion)

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Liberty Life alleges that it did not abuse its discretion in denying plaintiff's claim for benefits under the Policy and did not operate under any structural or actual conflict of interest that influenced its decision making process.

WHEREFORE, Liberty Life pray for judgment as follows:

1. That plaintiff takes nothing by her Complaint;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems proper.

Dated: April 10, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Kathryn C. Curry
PAMELA E. COGAN
KATHRYN C. CURRY
JENNIFER A. WILLIAMS
Attorneys for Defendant
LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON