1  CHARLES B. PERKINS #126942
   FLYNN, ROSE & PERKINS
2  59 North Santa Cruz Avenue, Suite Q
   Los Gatos, California 95030
3  (408) 399-4566
   Email: cbperk@earthlink.net
4
   Attorney for Plaintiff
5  TERREL HOFFMAN

6                UNITED STATES DISTRICT COURT

7                NORTHERN DISTRICT OF CALIFORNIA

8

9  TERREL HOFFMAN,                    ) Case No.  C08 00301 JF (HRL)
                                      )
10         Plaintiff,                 ) TERREL HOFFMAN'S NOTICE OF MOTION
                                      ) AND MOTION FOR PROTECTIVE ORDER
11 vs.                                ) AND TO QUASH SUBPOENA;
                                      ) MEMORANDUM OF POINTS AND
12 LIBERTY LIFE ASSURANCE COMPANY     ) AUTHORITIES; AND DECLARATION OF
   OF BOSTON; SYNOPSYS, INC.          ) CHARLES B. PERKINS IN SUPPORT
13 LONG TERM DISABILITY PLAN,         ) THEREOF
                                      )
14         Defendants.                ) Date:  August 19, 2008
                                      ) Time:  10:00 a.m.
15                                    ) Courtroom: 2
                                      ) Judge: Hon. Howard Lloyd
16 _____    )

17
                       **NOTICE OF MOTION AND**
18          **MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPENA**

19      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20      NOTICE IS HERBY GIVEN that on August 19, 2008 at 10:00 a.m., or as soon thereafter

21 as the matter may be heard, before the Honorable Howard Lloyd, located at 280 South First Street,

22 San Jose, California, Plaintiff Terrel Hoffman will, and hereby does, move this Court for a

23 Protective Order and an Order quashing the subpoena issued by Defendant Liberty Life Assurance

24 Company of Boston, seeking discovery of employment records of Plaintiff Terrel Hoffman from

25 non-party Synopsys, Inc.

26      This motion is based on *Rules 26(c*) and *45(c)(3)(A)(iii) of the Federal Rules of Civil

27 Procedure,* which allow the Court to issue a Protective Order and quash a subpoena when

28
   TERREL HOFFMAN'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA;
   MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF CHARLES B. PERKINS IN SUPPORT
   THEREOF
   Case No. C08 00301 JF (HRL)
   Page 1

1  protected material is sought.  Plaintiff brings this motion because this is a claim for Long Term
2  Disability benefits pursuant to *29 USC 1132(a)(1)(B)* (ERISA), and the discovery requested by
3  Defendant is not permitted in such actions.  This motion shall be based on this Notice of Motion,
4  the attached Memorandum of Points and Authorities, the Declaration of Charles B. Perkins, Esq.,
5  the court file in this matter, and upon such further argument and evidence as may be presented at
6  the hearing.

7  DATE: July 15, 2008                    FLYNN, ROSE & PERKINS

8                                         By    /s/ Charles B. Perkins
                                               CHARLES B. PERKINS
9                                              Attorney for Plaintiff
                                               TERREL HOFFMAN
10

11              **MEMORANDUM OF POINTS & AUTHORITIES**

12  **I.    Introduction and Statement of Facts**.

13       This is an action to recover Long Term Disability benefits pursuant to *29 USC*
14  *1132(a)(1)(B)*.  Plaintiff Terrel Hoffman ("Hoffman") alleges that she became disabled while
15  employed by Synopsys, Inc.  The Synopsys, Inc. Long Term Disability Benefit Plan ("the Plan")
16  provided Long Term Disability benefits to its beneficiaries through the purchase of insurance from
17  Liberty Life Assurance Company of Boston ("Liberty"), which funded and administered claims
18  under the Plan.

19       As alleged in the Complaint, Hoffman became disabled and made a claim for benefits to
20  Liberty.  Liberty denied Plaintiff's claim by letter dated January 17, 2005, alleging that the medical
21  information did not support complications severe enough to meet the definition of disability.

22       Hoffman appealed, and Liberty denied the appeal on December 12, 2005, alleging that the
23  restrictions and limitations that she suffered from were not severe enough to meet the definition of
24  disability.

25       In denying Hoffman's claim and appeal, Liberty did not assert that she had released her
26  claim for disability benefits in connection with the termination of her employment.

27       Following service of the Complaint, Liberty filed an Answer, which alleges, that this claim
28

is subject to the abuse of discretion standard. The Answer does not assert any affirmation defense of release.

Hoffman and Liberty have stipulated to the dismissal of the Synopsys, Inc. Long Term Disability Benefit Plan. As part of that stipulation, Liberty agreed that it would be liable for any judgment concerning payment or non-payment of Long Term Disability benefits, interest, attorney's fees and/or costs that may result from this action. The parties have disclosed documents as required by Rule 26.

On June 26, 2008, counsel for Plaintiff received a subpoena issued by Liberty, directed to Hoffman's former employer, Synopsys, Inc., which has never been a party to this action. (Ex. 1) The subpoena seeks any and all documents relating to Hoffman, including but not limited to the following:

1. Employment contracts, job applications, job descriptions, calendars, payment history, time cards, time sheets, bonuses, personnel files, W-2s, performance reviews, and correspondence;
2. All documents regarding any severance agreement and release executed between Terrel Hoffman and Synopsys, Inc., including but not limited to all correspondence, electronic mail, notes, drafts, and instructions;
3. All documents regarding any claim for Workers Compensation benefits made by Terrel Hoffman from January 2003 to the present; …

The information sought by the subpoena is not included in the Administrative Record disclosed by Liberty.

The subpoena was attached to a "Records Request Form" from Quest Discovery Services dated June 25, 2008. Attached to the subpoena is a Proof of Service, indicating that it had been served on Plaintiff's counsel on June 12, 2008, but notice of the subpoena was not received until June 26, 2008.

On June 27, 2008, counsel for Hoffman faxed a letter to counsel for Liberty, objecting to the subpoena on the grounds that it does not fall within the limited exceptions to the rule that discovery is not allowed in ERISA actions. (Ex. 2) On June 30, 2008, counsel discussed the issues and counsel for Hoffman faxed a letter to counsel for Liberty stating Plaintiff's continued

objection to the subpoena. (Ex. 3)

On July 8, 2008, Hoffman's counsel received a letter faxed by counsel for Defendant, agreeing to narrow the scope of its subpoena by withdrawing its request to obtain information relating to Hoffman's personnel file, other than employment contracts, severance agreements, and other documents related to Hoffman's termination, including but not limited to all correspondence, electronic mail, notes, drafts, agreements and instructions. (Ex. 4) Ms. Williams' July 8, 2008 letter further stated that, unless a Motion to Quash was filed, Defendant would proceed with obtaining the documents.

On July 10, 2008, counsel for Hoffman advised counsel for Liberty that this motion would be filed.

## II.   Argument.

### A.   ERISA's Administrative Remedy Rule Prohibits Discovery in Actions for Benefits, with Two Narrow Exceptions that Do Not Apply in this Instance.

In <u>Amato v. Bernard</u>, 618 F.2d 559, 567 (9th Cir. 1980), the Court held that ERISA claimants are required to exhaust their administrative remedies before filing suit.

> …The institution of such administrative claim-resolution procedures was apparently intended by Congress to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claimants for benefits; to provide a non-adversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned….
>
> Finally, a primary reason for the exhaustion requirement, here as elsewhere, is that prior fully considered actions by pension plan trustees interpreting their plans and perhaps also further refining and defining the problem in given cases, may well assist the courts when they are called upon to resolve the controversies.  (<u>Id.</u>)

In <u>Taft v. Equitable</u> 9 F.3d 1469 (9th Cir. 1993) the court discussed the importance of limiting a District Court's review to the Administrative Record, as follows:

> Permitting a District Court to examine evidence outside the Administrative Record would open the door to the anomalous conclusion that a Plan Administrator abused its discretion by failing to consider evidence not before it. Moreover, such expanded review would impede an important purpose of the Federal statute under which the District Courts have jurisdiction to review these administrative decisions:

> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring District Courts to consider evidence from <u>both parties</u> that was not presented to the Plan Administrator would seriously impair the achievement of that goal. (Citation, omitted) (9 F.3d at 1472). (emphasis, added)

Based on the Administrative Remedy Rule, and the policy of resolving disputes over benefits inexpensively and expeditiously, some courts have prohibited all discovery in ERISA actions. (<u>Newman v. Standard Ins. Co.</u>, 997 F.Supp. 1276, 1280-81, (C.D.Cal. 1998).) However, two limited exceptions have developed. In de novo review cases, the courts may admit evidence as necessary to conduct an adequate de novo review. In cases where the review is for abuse of discretion, the court may consider evidence outside of the Administrative Record to decide the nature, extent and affect of any conflict of interest on the decision making process.

<u>Mongeluzo v. Baxter Travenol Long Term Disability Plan</u>, 46 F.3d 938 (9th Cir. 1995) is the leading case discussing admissible evidence in the context of a de novo review. The Court adopted a rule that:

> …permits the District Court, *in its discretion*, to allow evidence that was not before the Plan Administrator. The District Court should exercise its discretion, however, only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision (46 F.3d at 944, citing <u>Quisenberry v. Life Ins. Co. of North America</u>, 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc)).

An example of this rule in practice is provided by <u>Opeta v. Northwest Airlines Pension Plan for Contract Employees</u>, 484 F.3d 1211 (9th Cir. 2007). In that case, the District Court was conducting a de novo review of a Long Term Disability Claim. At trial, Defendant offered evidence that was not part of the Administrative Record, including a videotape of the claimant's activities. This surveillance videotape, which showed the claimant doing yard work, had been taken before the final denial of the claim, but was not shown to the examining physician. The Court held that it was error to have admitted the videotape and additional testimony. It reversed the District Court's judgment in favor of Northwest, and ordered judgment in favor of the claimant.

In cases in which the Court is reviewing the decision for abuse of discretion, its review is limited to the record that was before the Plan Administrator. (Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan, 349 F.3d 1098, 1110 (9th Cir. 2003)). The only exception to this is set forth in Abatie v. Alta Health and Life Insurance Company, 458 F.3d 955 (9th Cir. 2006). In Abatie, while recognizing that "in general, a District Court may review only the Administrative Record when considering whether the Plan Administrator abused its discretion," the Court held that:

> The District Court may, in its discretion, consider evidence outside of the Administrative Record to decide the nature, extent, and affect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the Administrative Record once the conflict (if any) has been established by extrinsic evidence or otherwise (458 F.3d at 970).

In sum, discovery is not generally allowed in ERISA actions, because the District Court must base its decisions on the Administrative Record, and because discovery is contrary to the underlying policies of the Administrative Remedy Rule, particularly the policy of providing an inexpensive and expeditious review of the benefit decision. There are only two exceptions to the rule. In de novo reviews, the Court has discretion to admit evidence necessary to conduct an adequate review. In reviews for abuse of discretion, evidence may be admitted to determine whether the decision was affected by a conflict of interest. Liberty's attempt to subpoena Hoffman's employment records does not fall within either of these exceptions. This case is an abuse of discretion review, so the de novo exception does not apply, and Hoffman's employment records have nothing to do with the conflict of interest exception.

The Administrative Remedy Rule places a heavy burden on ERISA claimants, who generally have no idea of its existence. In counsel's experience, valid claims must too often be declined because the claimant's appeal consisted of nothing more than a letter explaining that he or she was in fact disabled because the doctor said so. After the appeal is summarily denied, the claimant will try to send in additional information that is returned without being reviewed. The claimant ends up unable to secure representation for a lawsuit because the Administrative Record

is inadequate and cannot be augmented. This rule, which forecloses new evidence, must apply equally to Defendants such as Liberty, as well as to individual claimants.

**B. Liberty's Attempt at Discovery Must Be Quashed Because This Case Must Be Decided on the Administrative Record, and the Information that Liberty Seeks to Discover is Not Part of the Administrative Record.**

Liberty's Answer asserts that this case is subject to review for abuse of discretion. Therefore, the decision must be based on information in the Administrative Record. (Abatie, supra, at 970) The employment information that Defendant seeks to discover is not part of the Administrative Record. Therefore, it cannot be considered by the Court, the subpoena must be quashed, and a Protective Order should be issued to prevent further attempts at discovery.

This situation is no different than the situation which exists when a claimant attempts to introduce additional medical information. All of the information sought to be discovered existed before the claim was denied, and for over a year before the appeal was denied. If Liberty thought that Plaintiff's employment history was important, it ought to have obtained the information at that time. Having failed to do so then, it cannot do so now.

During the meet-and-confer process, counsel for Liberty argued that a Defendant is not prohibited from engaging in discovery relating to its affirmative defenses, citing FRCP Rule 26. However, the language of Rule 26 refers to claims and defenses, and ERISA claimants cannot pursue discovery to support their claims. Allowing this type of discovery would be contrary to the policy that underlies ERISA's Administrative Remedy Rule. Claimants and their attorneys must be able to rely on the reasons articulated when a Defendant denies the claim. 29 USC §1133(1) requires that the denial sets forth the specific reasons for the denial, and that is what claimants rely on in deciding whether to appeal a denial, or to file litigation. To allow a Defendant to perform discovery with the goal of finding a new reason to deny a claim goes to the merits of the matter, and is contrary to 29 USC §1133(1), the Administrative Remedy Rule, and the policy of providing expeditious and inexpensive resolutions.

Although not raised in the meet and confer process, Defendant may intend to rely on the non-published case of Parisi v. Kaiser Foundation Health Plan Long-Term Disability Plan, 2008

U.S. Dist. Lexis 5770 (2008). In <u>Parisi</u>, defendant based its motion for summary judgment in part on a severance plan release that was not part of the Administrative Record. The court held that the release was admissible, although its decision upholding the denial was based on a finding that the plan had not abused its discretion. <u>Parisi</u> is distinguishable from the present case for several reasons. It did not concern an attempt to initiate discovery. Defendant had direct access to the release and did not have to engage in discovery. It is difficult to understand how Liberty, which does not have access to Hoffman's employment records, intends to be benefited by them. The court failed to address *29 USC §1133*, which requires plans to set forth the basis for denying claims, and it failed to address the underlying policy of the Administrative Remedy Rule, which requires claims to be fully evaluated at the administrative appeal level.

The <u>Parisi</u> decision cites <u>Bennett v. CNA Insurance Companies</u>, 2001 U.S. Dist. Lexis 107, 2001 WL30553 (N.D. Cal. 2001) and <u>Piehl v. Metropolitan Life Ins. Co.</u>, 2005 U.S. Dist. Lexis 4619, 2005 WL627586 (D. Or. 2005). However, in <u>Piehl</u> it is clear that the release was part of the Administrative Record, and that appears to be the case in <u>Bennett</u> as well. <u>Parisi</u> is the only case in the 9th Circuit which Plaintiff's counsel is aware of in which an ERISA plan was allowed to introduce a release that had not been made part of the Administrative Record. For the reasons set forth above, particularly the failure to consider the policies underlying ERISA as a whole and the Administrative Remedy Rule, Plaintiff submits that <u>Parisi</u> reached the wrong result in admitting the release. As an unpublished District Court decision, it is not binding.

III. **Conclusion.**

ERISA's Administrative Remedy Rule requires that the record be fully developed during the claim and appeal process, and generally limits the District Court in its review to the evidence that is part of the Administrative Record. The Administrative Remedy Rule is based on *29 USC 1133* and a number of underlying policy considerations, particularly the policy of providing inexpensive and expeditious resolutions to benefit disputes. Defendant's request for discovery of Plaintiff's employment records is directly contrary to this. The records could have been obtained during the claim and appeal process. Allowing discovery in this instance would open the door to

any number of other discovery requests by Defendants looking for new ways to deny a claim. Therefore, Plaintiff requests that the subpoena issued by Liberty to Synopsis, Inc., be quashed, and that a protective order be issued directing Liberty to make no further attempts at discovery in this case.

DATE: July 15, 2008                FLYNN, ROSE & PERKINS

By   /s/ Charles B. Perkins
CHARLES B. PERKINS
Attorney for Plaintiff
TERREL HOFFMAN

## DECLARATION OF CHARLES B. PERKINS

I, Charles B. Perkins, declare:

1. I am an attorney at law licensed to practice in all the courts of the State of California and United States District Court of the Northern District of California, and I am counsel of record for Plaintiff Terrel Hoffman. I make this declaration of my own personal knowledge and, if called upon as a witness, could and would testify confidently thereto.

2. This is an action seeking disability benefits pursuant to *29 USC §1132(a)(1)(B)* (ERISA).

3. On June 26, 2008 I received the documents attached hereto as Exhibit 1 by regular mail. These consist of a records request form from Quest Discovery Services, a subpoena with attachment "A" and a proof of service. My receipt of these documents on June 26, 2008 was the first notice I had of the subpoena.

4. The subpoena seeks certain employment records related to Terrel Hoffman from Synopsis Inc., which is not a party to this action.

5. The documents sought by the subpoena were not cited by Liberty Life Assurance Company of Boston in its denial of Ms. Hoffman's claim for benefits, nor in the denial of her appeal. To the best of my knowledge, the documents sought by the subpoena are not included in the Administrative Record disclosed by Defendants.

6. On June 27, 2008, I faxed a letter to opposing counsel objecting to the subpoena. A

true and correct copy of said letter is attached hereto as Exhibit 2.

7. On June 30, 2008, I discussed the issues with opposing counsel and faxed a letter confirming Plaintiff's continuing objection to the subpoena. A true and correct copy of said letter is attached as Ex. 3.

8. On July 8, 2008, I received a letter from opposing counsel agreeing to narrow the scope of the subpoena but still seeking records relating to Ms. Hoffman's employment at Synopsis Inc. A true and correct copy of said letter is attached as Ex. 4.

9. On July 10, 2008, I advised opposing counsel that I would be filing this motion.

Executed on this 15th day of July 2008. I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

        /s/ Charles B. Perkins
        CHARLES B. PERKINS



**SJS810822**

## QUEST DISCOVERY SERVICES

http://www.questds.com/

06/25/08

Quality • Uniformity • Excellence • Service • Teamwork

# Records Request Form

ATTN: CHARLES B. PERKINS, ESQ.
FLYNN, ROSE & PERKINS
ATTORNEYS AT LAW
59 NORTH SANTA CRUZ AVENUE
SUITE Q
LOS GATOS, CA 95030

| | |
|---|---|
| In Reply Refer to: | San Jose |
| Our File Number: | SJS810822 |
| QDS Client Number: | FLY040 |
| Client File Number: | |
| Claim Number: | |
| Insured: | |
| Date of Loss: | 05/17/04 |
| Deposition Date: | 06/26/08 |

RE:  TERREL HOFFMAN VS. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
Case No:  CV0800301JF
Records of:  TERREL HOFFMAN DOB:01/10/56 SSN:XXX-XX-5370

Quest Discovery Services at the request of: **ROPERS, MAJESKI, KOHN, BENTLEY - ATTORNEYS AT LAW**
is obtaining records as listed on subpoena. Please mark the appropriate spaces below for those items which you desire and return by the deposition date and time. **Please mark "none" if you do not wish to receive any subpoenaed items for any one deponent.** Do not return this form unless you are placing an order and/or waiving time.

| None | X-rays | Records | Path | Echo | Deponent | File Number |
|---|---|---|---|---|---|---|
| ☐ | ☐ | | | | SYNOPSYS INC.   ATTN: DANIEL FELDSTEIN<br>ATTN: DANIEL FELDSTEIN MOUNTAIN VIEW, CA 94043<br>(SEE VERBIAGE) | SJS810822A |

☐ **BILLING INSTRUCTIONS OR DOLLAR LIMITATIONS:**

☐ **BILL DIRECTLY TO INSURANCE CARRIER / THIRD PARTY:**

Carrier Name: _____  Name of Insured: _____

Carrier Address: _____  Date of Loss: _____  Claim #: _____

Carrier Address: _____  Adjuster's Name: _____

The entity requesting records agrees to pay to Quest Discovery Services its customary charges for this service which are: $34 Basic per deponent, 38c per 8 1/2 x 11 page, $15 Certificate of No Records, $8 Minimum Page Charge, $15 additional record charges when applicable, plus sales tax and shipping/handling. Call for prices on blueprints, x-rays, oversized pages and other special items. If requested, quotations will be provided with a $16 service fee per file if costs are not approved and $5 if costs are approved. Orders received after deposition/due date will be assessed a $25 retrieval fee. In the event legal action is necessary to collect past due amounts, requestor agrees to pay all reasonable costs incurred in collection, including attorney's fees as well as a service charge of 1.5% per month. Prices subject to change without notice.

Attorneys for: _____   Circle one:   Plaintiff   Defendant   Co-Defendant   Other
                    Client's name

Firm Name: _____

Authorized Signature Required     Date
(Applies to all attached pages)

**EXHIBIT 1**

**Corporate Office:**
981 Ridder Park Drive
San Jose, CA 95131
(408) 441-7000
FAX (408) 441-7070

**Branch Offices:**
P.O. Box 214267
Sacramento, CA 95821-0267
(916) 483-7030
FAX (916) 483-7037

3439 Mendocino Ave., Ste. A
Santa Rosa, CA 95403
(707) 528-2300
FAX (707) 528-6047

2507 West Shaw Ave., Ste. 101
Fresno, CA 93711
(559) 224-0909
FAX (559) 224-1122

5730 Uplander Way, Ste. 101
Culver City, CA 90230
(310) 645-5557
FAX (310) 645-1466

Chandy Nem / obtainrec

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | CALIFORNIA |

TERREL HOFFMAN

V.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CV0800301JF

Custodian of Records For:
TO: SYNOPSYS INC.
ATTN: DANIEL FELDSTEIN
700 E. MIDDLEFIELD ROAD
MOUNTAIN VIEW, CA 94043

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

RE: TERREL HOFFMAN DOB:01/10/56 SSN: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

| PLACE | Quest Discovery Services  981 Ridder Park Drive  San Jose, CA 95131  (800) 800-6800 | DATE AND TIME  06/26/08  9:30 A.M. |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]*  Attorney for: Defendant | DATE  06/12/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    JENNIFER A. WILLIAMS, ESQ.  BAR #: 244707
ROPERS, MAJESKI, KOHN, BENTLEY - ATTORNEYS AT LAW
1001 MARSHALL STREET  3RD FLOOR
REDWOOD CITY, CA 94063  650/364-8200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## Attachment "A"

Any and all documents relating to TERREL HOFFMAN (DOB: 01/10/1956; SSN: 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), including but not limited to the following:

(1) Employment contracts, job applications, job descriptions, calendars, payment history, time cards, time sheets, bonuses, personnel files, W2's, performance reviews, and correspondence;

(2) All documents regarding any severance agreement and release executed between TERREL HOFFMAN and Synopsys, Inc., including but not limited to all correspondence, electronic mail, notes, drafts, and instructions;

(3) All documents regarding any claim for workers' compensation benefits made by TERREL HOFFMAN from January 2003 to the present;

The term "WRITINGS," as used herein, is broadly defined, pursuant to Rule 1001 of the Federal Rules of Evidence, to include all forms of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electrical recording, or other form of data compilation. "WRITINGS" include, but are not limited to, any and all files, letters, facsimiles, e-mails, electronic notes, transcripts, written communications, reports, memoranda, records, schedules, studies, photographs, phonorecords, videotapes, papers, charts, maps, analyses, graphs, indices, data sheets, notes, notebooks, diaries, diagrams, forms, manuals, brochures, drafts, minutes, prints, drawings, ledger sheets, invoices, credits, debits, claim sheets, computer disks, CD's, and other print outs, including drafts and copies of any of the above which differ in any respect from the original, such as copies containing marginal notations or other variations.

RC1/5133701.1/JAW

(PROOF OF SERVICE BY MAIL - Federal Rule 5(a))

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: SUBPOENA IN A CIVIL CASE, on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

FLYNN, ROSE & PERKINS
ATTORNEYS AT LAW
59 NORTH SANTA CRUZ AVENUE
SUITE Q
LOS GATOS, CA 95030
ATTN: CHARLES B. PERKINS, ESQ.
Represents: PLAINTIFF

and that they were deposited on 06/12/08 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

DATED: 06/12/08 AT SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

This form was printed for all subpoenas in this series

signature

/ MAILSERV

LAW OFFICES

# FLYNN, ROSE AND PERKINS
A PROFESSIONAL ASSOCIATION
59 N. Santa Cruz Avenue, Suite Q
Los Gatos, California, 95030
(408) 399-4566

GARY ROSE　　　　　　　　　Facsimile: (408) 399-6683　　　　　　　　　GARY FLYNN
CHARLES B. PERKINS　　　　　　　　　　　　　　　　　　　　　　　　　　(Retired)

HEATHER GIBSON

June 27, 2008

*Sent Via Fax and U.S. Mail*

Ms. Jennifer A. Williams
Attorneys at Law
ROPERS MAJESKI KOHN BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA  94063

　　　Re:　Hoffman v. Liberty Life

Dear Ms. Williams:

　　　On June 26, 2008, I received a copy of your subpoena of Synopsys' records in the above-referenced matter. Plaintiff objects to this subpoena because it does not fall within any of the limited exceptions to the rule that discovery is not allowed in ERISA actions.

　　　Please contact me to confirm that the subpoena has been withdrawn or, if you will not agree to withdraw the subpoena, please explain the reasons for your position. This letter is an effort to confer prior to filing a motion to quash.

　　　　　　　　　　　　　　　　　　　　　　Sincerely yours,

　　　　　　　　　　　　　　　　　　　　　　CHARLES B. PERKINS

CBP/ds
cc:　Client
　　　Quest Discovery Services

EXHIBIT 2

FILE COPY

LAW OFFICES
# FLYNN, ROSE AND PERKINS
A PROFESSIONAL ASSOCIATION
59 N. Santa Cruz Avenue, Suite Q
Los Gatos, California, 95030
(408) 399-4566

GARY ROSE  
CHARLES B. PERKINS

Facsimile: (408) 399-6683

GARY FLYNN  
(Retired)

HEATHER GIBSON

June 30, 2008

*Sent via Fax and Mail*

Ms. Jennifer A. Williams  
Attorneys at Law  
ROPERS MAJESKI KOHN BENTLEY  
1001 Marshall Street, Suite 300  
Redwood City, California 94063

Re:   Hoffman v. Liberty Life

Dear Ms. Williams:

I am writing to follow up on our conversation of June 30, 2008. We discussed my objection to the subpoena and you indicated a willingness to narrow it, but not withdraw it completely. Plaintiff's position continues to be that the subpoena should be withdrawn. I am happy to look at any authority you may have to support your position that discovery is allowed as to affirmative defenses.

During our conversation, I requested that you ask Quest to suspend all actions taken to obtain records pursuant to the subpoena until we can either resolve our differences or obtain a court ruling, and you agreed to do so. Thank you for your courtesy in this matter. I look forward to your further communications relative to your client's ability to conduct discovery in this matter.

Sincerely yours,

CHARLES B. PERKINS

CBP/kt  
cc:   Client  
      Quest Discovery Services

FILE

EXHIBIT 3

| | |
|---|---|
| REDWOOD CITY | 1001 Marshall Street |
| Los Angeles | Suite 300 |
| New York | Redwood City, CA 94063 |
| San Francisco | Telephone (650) 364-8200 |
| San Jose | Facsimile (650) 780-1701 |
| Boston | www.ropers.com |



L  A  W  Y  E  R  S
RMKB
ROPERS  MAJESKI  KOHN  BENTLEY

Jennifer A. Williams
(650) 780-1719

jwilliams@rmkb.com

July 8, 2008

**U.S. Mail and Facsimile**

Charles B. Perkins, Esq.
FLYNN, ROSE & PERKINS
59 North Santa Cruz Avenue, Suite Q
Los Gatos, CA 95030

      Re:    Hoffman v. Liberty Life Assurance Co. of Boston, et al
              U.S.D.C. Northern District of California, Case No. CV 08-00301 JF

Dear Mr. Perkins:

      I received your meet and confer letter dated June 30, 2008 regarding the records subpoena issued by Liberty to plaintiff's former employer, Synopsys, Inc. As I stated in our telephone conversation from earlier that day, we will not agree to withdraw the subpoena, as the documents requested are relevant to exploring a possible affirmative defense in this matter. Nonetheless, in an effort to compromise, we are willing to discuss narrowing the scope of the subpoena.

      As you are aware, plaintiff was terminated from her employment as a Senior Technical Writer II with Synopsys, Inc. on or about October 22, 2004. It is our understanding that plaintiff signed a Severance Agreement following the termination of her employment. If plaintiff signed such an agreement, the agreement may contain language that releases or waives her right to certain employee benefits, which may include disability income benefits, and any and all claims to these benefits.

      Liberty concedes that in an ERISA action, discovery aimed at challenging the <u>propriety</u> of the claim administrator's decision is improper. (*Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006).) However, this does not prohibit a defendant from engaging in discovery relating to its affirmative defenses. (*See*, Fed.R.Civ.Pro. 26 [a party may obtain discovery that is relevant to its claims or defenses].) Liberty is not limited to the administrative record in order to assert an affirmative defense. Rather, Liberty is entitled to obtain evidence which may establish that plaintiff's action is barred because she expressly released her claim for employee benefits pursuant to a Severance and Release Agreement. This information does not go to the merits of Liberty's claim determination. In addition, the fact that Liberty did not have this information when it processed and denied plaintiff's claim does not prevent it from being able to assert it now during litigation.

RC1/5144863.1/JAW

**EXHIBIT 4**

LAWYERS
RMKB
ROPERS MAJESKI KOHN BENTLEY

Moreover, we just received Plaintiff's Supplement to Initial Disclosure, which includes a copy of the Order Approving Compromise and Release in plaintiff's workers' compensation claim. This information was not contained in the administrative record. Plaintiff cannot contend that she is entitled to rely on information outside the administrative record to support her assertion that she has a right to pursue her claim, while at the same time denying Liberty access to information to dispute it.

Accordingly, Liberty will agree to narrow the scope of its subpoena. Liberty will withdraw its request to obtain information related to plaintiff's personnel file, other than employment contracts, severance agreements, and other documents related to plaintiff's termination, including but not limited to all correspondence, electronic mail, notes, drafts, agreements, and instructions.

Please let us know before July 10, 2008 whether you agree to the above amendment to the subpoena. If not, given that Synopsys, Inc. has agreed to produce the records on July 11, 2008, we will proceed with obtaining the documents unless a motion to quash is filed immediately.

Very truly yours,

Jennifer A. Williams

JAW/jaw

Cc: Daniel A. Feldstein, Esq.

Quest Discovery Services, Attn: Becky Weirshauser