1  PAMELA E. COGAN (SBN 105089)
   pcogan@rmkb.com
2  JENNIFER A. WILLIAMS (SBN 244707)
   jwilliams@rmkb.com
3  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
4  Redwood City, CA  94063
   Telephone:    (650) 364-8200
5  Facsimile:    (650) 780-1701

6  Attorneys for Defendant
   LIBERTY LIFE ASSURANCE COMPANY OF
7  BOSTON

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  TERREL HOFFMAN,                    CASE NO.  CV 08-00301 JF (HRL)

12              Plaintiff,             **DECLARATION OF JENNIFER A.
                                       WILLIAMS IN SUPPORT OF DEFENDANT
13  v.                                 LIBERTY LIFE ASSURANCE COMPANY
                                       OF BOSTON'S OPPOSITION TO
14  LIBERTY LIFE ASSURANCE             PLAINTIFF'S MOTION FOR PROTECTIVE
    COMPANY OF BOSTON; SYNOPSYS,       ORDER AND TO QUASH SUBPOENA**
15  INC. LONG TERM DISABILITY PLAN,

16              Defendants.            Date:        August 19, 2008
                                       Time:        10:00 a.m.
17                                     Courtroom:   2
                                       Judge:       Honorable Howard Lloyd
18

19

20      I, Jennifer A. Williams, declare:

21      1.      I am an attorney at law licensed to practice before all courts of the State of

22  California and the United States District Court, Northern District of California.  I am an associate

23  with the law firm of Ropers, Majeski, Kohn & Bentley, counsel of record for defendant Liberty

24  Life Assurance Company of Boston ("Liberty").  The statements herein are of my own personal

25  knowledge and if called to testify, I could competently testify thereto.

26      2.      Based on past experience in handling ERISA cases, I have found that when an

27  employee is laid off, the employee often signs a severance agreement upon termination of his or

28  her employment, and the agreement may contain language that releases or waives plaintiff's right

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    to employee benefits, which may include disability income benefits, and any and all claims to

2    these benefits. Thus, when we learned during the initial phase of litigation of this case that

3    plaintiff was laid off from her employment with Synopsys, Inc., we called counsel for Synopsys

4    to inquire whether a severance agreement was executed.

5          3.    During a telephone conversation with counsel for Synopsys on June 6, 2008, I

6    learned that plaintiff had in fact signed a severance agreement upon termination of her

7    employment. I was informed that Synopsys had no objection to providing the severance

8    agreement to me in response to a subpoena. Therefore, Liberty served a records subpoena upon

9    Synopsys on or about June 12, 2008 for plaintiff's employment records. A copy of the subpoena

10   is attached as Exhibit 1 to the Declaration of Charles Perkins.

11         4.    On June 30, 2008, I engaged in a telephonic meet and confer session with

12   plaintiff's counsel. At this time, I explained to Mr. Perkins that Liberty was not limited to the

13   administrative record in order to prove an affirmative defense. Rather, Liberty was entitled to

14   obtain evidence which may establish that plaintiff's action is barred because she expressly

15   released her claim for employee benefits pursuant to a severance and release agreement. I also

16   stated that while Liberty would not withdraw its subpoena, we would be willing to narrow the

17   scope.

18         5.    Plaintiff continued to object to the subpoena in its entirety. In response, on July 8,

19   2008, I wrote a follow-up letter to plaintiff, reiterating Liberty's position and again offering to

20   narrow the scope of the subpoena to only information related to plaintiff's employment contracts,

21   severance agreements, and other documents related to plaintiff's termination, including but not

22   limited to all correspondence, electronic mail, notes, drafts, agreements, and instructions. A copy

23   of this letter is attached as Exhibit 4 to the Declaration of Charles Perkins.

24         6.    In the interim, I spoke again with counsel for Synopsys on July 9, 2008 to advise

25   of the status of the subpoena. At this time, I learned that plaintiff had just requested and obtained

26   from Synopsys a copy of the severance agreement at issue.

27         7.    On or about July 11, 2008, I called plaintiff's counsel relaying that I had been

28   advised plaintiff was now in possession of a copy of the severance agreement. Therefore, I called

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    to see if a compromise could be reached.  I also asked Mr. Perkins to provide me with a copy of

2    the severance agreement.  Mr. Perkins stated that although he did not find any indication in the

3    agreement that plaintiff waived her rights to disability benefits, plaintiff would not allow Liberty

4    access to it.

5        8.    On July 15, 2008, I received a copy of plaintiff's motion for protective order and

6    motion to quash.

7        9.    On June 27, 2008, plaintiff submitted a Supplement to Initial Disclosure, which

8    includes a copy of the Order Approving Compromise and Release in plaintiff's workers'

9    compensation claim.  This information was not contained in the administrative record.  Attached

10   hereto as Exhibit A is a true and correct copy of plaintiff's Supplement to Initial Disclosure.

11       10.   Attached hereto as Exhibit B is a true and correct copy of the Court's decision in

12   *Hallstead v. Liberty Life Assurance Company of Boston*, Case No. SA CV05-0735 DOC (MLGx)

13   (C.D. Cal., April 12, 2006).

14       I declare under the penalty of perjury under the laws of the United States and the State of

15   California that the foregoing is true and correct.

16       Executed on this 29th day of July, 2008 in Redwood City, California.

17

18                                          Jennifer A. Williams

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1   CHARLES B. PERKINS #126942
    FLYNN, ROSE & PERKINS
2   59 North Santa Cruz Avenue, Suite Q
    Los Gatos, California 95030
3   (408) 399-4566
    Email: cbperk@earthlink.net
4
    Attorney for Plaintiff
5   TERREL HOFFMAN

6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10  TERREL HOFFMAN,                    )    Case No.  C08 00301 JF
                                       )
11          Plaintiff,                 )
                                       )
12  vs.                                )    PLAINTIFF'S SUPPLEMENT TO INITIAL
                                       )    DISCLOSURE
13  LIBERTY LIFE ASSURANCE COMPANY     )
14  OF BOSTON, and SYNOPSYS, INC.      )
    LONG TERM DISABILITY PLAN,         )
15                                     )
            Defendants.                )
16                                     )
                                       )
17                                     )
                                       )
18  _____)

19          Pursuant to *Rule 26(a)(1) of the Federal Rules of Civil Procedure*, Plaintiff Terrel Hoffman

20  hereby supplements her initial disclosure.  Attached is a copy of the Order Approving Compromise

21  and Release in her Workers' Compensation case.

22

23  DATE: June 27, 2008                        FLYNN, ROSE & PERKINS

24                                             By
                                               CHARLES B. PERKINS
25                                             Attorney for Plaintiff

26

27

28

1   GARY S. ROSE (CA. State Bar # 83744)
    FLYNN, ROSE & PERKINS
2   59 North Santa Cruz Avenue, Suite Q
    Los Gatos, California 95030
3   (408) 399-4566

4   Attorney for Plaintiff
    TERREL HOFFMAN

5

6                           UNITED STATES DISTRICT COURT

7                       NORTHERN DISTRICT OF CALIFORNIA

8   TERREL HOFFMAN,                          )   Case No.  C08 00301 JF
                                             )
9               Plaintiff,                   )
                                             )
10                                           )   CERTIFICATE OF SERVICE
    vs.                                      )
11                                           )
    LIBERTY LIFE ASSURANCE COMPANY           )
12  OF BOSTON; SYNOPSYS, INC.                )
    LONG TERM DISABILITY PLAN,               )
13                                           )
                Defendants.                  )
14                                           )
                                             )
15  _____  )

16          I am a citizen of the United States and employed in the County of Santa Clara, California.

17  I am over the age of eighteen years and not a party to the within-entitled cause.  My business

18  address is:  59 North Santa Cruz Avenue, Suite Q, Los Gatos, California.  On June 27, 2008 I

19  served a copy of **Plaintiff's Supplement to Initial Disclosure**, by placing a true copy thereof in a

20  sealed envelope with postage thereon fully prepaid in the service for United States Postal Service,

21  at Los Gatos, California, addressed as follows:

22  Ms. Jennifer A. Williams
    Attorney at Law
23  ROPERS MAJESKI KOHN BENTLEY
    1001 Marshall Street, Suite 300
24  Redwood City, CA  94063

25          I declare under penalty of perjury that the foregoing is true and correct.

26          Executed on June 27, 2008, at Los Gatos, California.

27

28                                          _____
                                            Diane Shumer

    CERTIFICATE OF SERVICE
    Case No. C08-00301 JF
    Page 1

STATE OF CALIFORNIA
# WORKERS' COMPENSATION APPEALS BOARD

Terrel Hoffman

SAL 111379

## ORDER APPROVING COMPROMISE AND RELEASE

Having considered the entire record, it is found that the Compromise and Release which the parties have submitted herein is adequate and should be approved. It is assumed that all medical-legal costs have been or will be adjusted.

The language in the agreement which releases the rights of dependents to death benefits has been considered, and is approved.

Consideration has been given to the waiver by applicant of any potential claim for ordinary compensation benefits and medical treatment for any injuries that may be sustained while participating in vocational rehabilitation, which is found to be in compliance with Rodgers v. WCAB (1985) 168 Cal. App. 3d 567, 214 Cal. Rptr. 303, 50 CCC 299, and with the opinion in Carter v. WCAB (1968) 51 CCC 255 [Board en banc decision], and is approved.

IT IS ORDERED that said Compromise and Release be approved.

STUART R. CRYMES
Workers' Compensation
Administrative Law Judge

NOTICE TO: B. Baum, Esqr

Pursuant to Rule 10500, you are designated to serve the attached document(s) on all parties shown on the Official Address Record along with proof of service. You shall maintain proof of service, which shall not be filed with the WCAB unless a dispute arises regarding service of the document.

By: SMC    On: 12-7-06

STATE OF CALIFORNIA
DIVISION OF WORKERS' COMPENSATION
**WORKERS' COMPENSATION APPEALS BOARD**

# COMPROMISE AND RELEASE

Case No(s). *SAL 0111379*

Social Security No. *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*

Applicant (Employee) *Terrel Hoffman*

Address *31094 McKinley Pl SE*
*Port Orchard, WA*
*98366*

Correct Name(s) of Employer(s) *SYNOPSYS*

Address(es) *700 E. Middlefield Rd.*
*Mountain View, CA 94043*

Correct Name(s) of Insurance Carrier(s) Claims Administrator(s) *SNCC adj. by Matrix Absence Management*

Address(es) *P.O. Box 11035*
*San Jose, CA 95103*

1. The employee, born *1/10/1956*, claims that he/she was employed at *Mountain View* (city)
_____ *CA* _____, as a(n) *Technical Writer* by the employer(s), and claims to have sustained
(state)                      (occupation)
injury(ies) arising out of and in the course of employment:

(State with specificity the date(s) of injury(ies) and what part(s) of body, conditions or systems are being settled.)

on *CT - 5/11/2004* to *bilateral upper extremities, neck, migraines, psyche*
*and all compensable consequences therefrom*

on _____ to _____

on _____ to _____

on _____ to _____

on _____ to _____

Body parts, conditions and systems may not be incorporated by reference to medical reports.

2. Upon approval of this compromise agreement by the Workers' Compensation Appeals Board or a workers' compensation administrative law judge and payment in accordance with the provisions hereof, the employee releases and forever discharges the above-named employer(s) and insurance carrier(s) from all claims and causes of action, whether now known or ascertained or which may hereafter arise or develop as a result of the above-referenced injury(ies), including any and all liability of the employer(s) and the insurance carrier(s) and each of them to the dependents, heirs, executors, representatives, administrators or assigns of the employee. Execution of this form has no effect on claims that are not within the scope of the workers' compensation law or claims that are not subject to the exclusivity provisions of the workers' compensation law, unless otherwise expressly stated.

3. This agreement is limited to settlement of the body parts, conditions, or systems and for the dates of injury set forth in Paragraph No. I despite any language to the contrary in this document or any addendum.

Applicant/Employee: _Terrel Hoffman_    WCAB No(s). _SAL   011137G_

4.  Unless otherwise expressly stated, approval of this agreement RELEASES ANY AND ALL CLAIMS OF APPLICANT'S DEPENDENTS TO DEATH BENEFITS RELATING TO THE INJURY OR INJURIES COVERED BY THIS COMPROMISE AGREEMENT. The parties have considered the release of these benefits in arriving at the sum in Paragraph No. 7. Any addendum duplicating this language pursuant to Sumner v WCAB, 48 CCC 369 (1983), is unnecessary and shall not be attached.

5.  Unless otherwise expressly ordered by the Workers' Compensation Appeals Board or a workers' compensation administrative law judge, approval of this agreement does not release any claim applicant may have for vocational rehabilitation benefits or supplemental job displacement benefits.

6.  The parties represent that the following facts are true:  (If facts are disputed, state what each party contends under Paragraph No. 9.)

EARNINGS AT TIME OF INJURY $ _× 2,26 / Ann_

TEMPORARY DISABILITY INDEMNITY PAID $ _81,736·00_ _____ Weekly Rate $ _728_

Period(s) Paid _11/6/2004 to 1/25/05_

PERMANENT DISABILITY INDEMNITY PAID $ _14,200_ _____ Weekly Rate $ _280·00_

Period(s) Paid _1/29/05 to 6/19/06_

TOTAL MEDICAL BILLS PAID $ _7,355-83_    Total Unpaid Medical Expense to be Paid By: _defendant subject to all defenses_

Unless otherwise specified herein, the employer will pay no medical expenses incurred after approval of this agreement.

7.  The parties agree to settle the above claim(s) on account of the injury(ies) by the payment of the SUM OF $ _72,028_ BSB
The following **amounts are to be deducted** from the settlement amount:

$ _14,200_ for permanent disability advances through _6/19/06_    _less any further PDAs_
                                                              (date)

$ _2,028_ for temporary disability indemnity overpayment , if any.

$_____ payable to _____

$_____ payable to _____

$_____ payable to _____

$_____ payable to _____

$ _12,500_ requested as applicant's attorney's fee.

**LEAVING A BALANCE OF $** _____, after deducting the amounts set forth above and less further permanent disability advances made after the date set forth above.  Interest under Labor Code §5800 is included if the sums set forth herein are paid within 30 days after the date of approval of this agreement.

8.  Liens not  mentioned in Paragraph No. 7 are to be disposed of as follows (Attach an addendum if necessary):

_None known._

_____

_____

DWC WCAB FORM 15 (Rev. 10/2005) (Page 2 of 3)

Applicant/Employee: *Terrel Hoffman*          WCAB No(s).: *SAL 0111379*

9.  The parties wish to settle these matters to avoid the costs, hazards and delays of further litigation, and agree that a serious dispute exists as to the following issues (initial only those that apply). **ISSUES NOT INITIALED BY ALL PARTIES ARE NOT INCLUDED WITHIN THIS SETTLEMENT.**

- earnings
- temporary disability
- jurisdiction
- apportionment
- employment
- injury AOE/COE
- serious and willful misconduct
- discrimination (Labor Code §132a)
- statute of limitations
- future medical treatment
- other *all benefits under 4658*
- other _____
- permanent disability _____
- self-procured medical treatment, except as provided in Paragraph 7
- vocational rehabilitation benefits/supplemental job displacement benefits

| COMMENTS |
| --- |
| *See Addendum "A" attached hereto and incorporated herein by reference* |
| *See Addendum "B" attached hereto and incorporated herein by reference* |

Any accrued claims for Labor Code Section 5814 penalties are included in this settlement unless expressly excluded.

10.  It is agreed by all parties hereto that the filing of this document is the filing of an application, and that the WCAB may in its discretion set the matter for hearing as a regular application, reserving to the parties the right to put in issue any of the facts admitted herein and that if hearing is held with this document used as an application, the defendants shall have available to them all defenses that were available as of the date of filing of this document, and that the WCAB may thereafter either approve this Compromise and Release or disapprove it and issue Findings and Award after hearing has been held and the matter regularly submitted for decision.

11.  **WARNING TO EMPLOYEE:  SETTLEMENT OF YOUR WORKERS' COMPENSATION CLAIM BY COMPROMISE AND RELEASE MAY AFFECT OTHER BENEFITS YOU ARE RECEIVING OR MAY BECOME ENTITLED TO RECEIVE IN THE FUTURE FROM SOURCES OTHER THAN WORKERS' COMPENSATION, INCLUDING BUT NOT LIMITED TO SOCIAL SECURITY, MEDICARE AND LONG-TERM DISABILITY BENEFITS.**

**THE APPLICANT'S (EMPLOYEE'S) SIGNATURE MUST BE ATTESTED TO BY TWO DISINTERESTED PERSONS OR ACKNOWLEDGED BEFORE A NOTARY PUBLIC**

By signing this agreement, applicant (employee) acknowledges that he/she has read and understands this agreement and has had any questions he/she may have had about this agreement answered to his/her satisfaction.

*Witness* the signature hereof this *17* day of *October*, 20 *06* at *Port Orchard, WA*

*Akahalai Wallach  10-17-06*
Witness 1 _____ (Date)

*Brandy Collins  10-17-06*
Witness 2 _____ (Date)

Interpreter _____ (Date)

X _____
Applicant (Employee) _____ (Date)

Attorney for Applicant _____ *10-23-06* (Date)

Attorney for Defendant _____ (Date)

STATE OF CALIFORNIA
County of _____

On this _____ day of _____, 20___, before me, _____, a Notary Public in and for the said County and State, residing therein, duly commissioned and sworn, personally appeared _____

known to me to be the person(s) whose name(s) is/are subscribed to the within Instrument, and acknowledged to me that _he_ executed the same.

*In Witness Whereof,* I have hereunto set my hand and affixed my official seal the day and year in this Certificate first above written.

_____
Notary Public in and for said County and State of California

# ADDENDUM "A" TO COMPROMISE & RELEASE

## *WCAB CASE NO(S): SAL 0111379*
### *Terrel Hoffman v. SNCC for Synopsys adjusted by Matrix Absence Management*

9    Reasons for Compromise

There exist genuine, bona fide disputes as to the issues of the nature and extent of injury and disability, claims to temporary disability, claims to permanent disability, liability for past medical treatment, liability for future medical treatment, liability for self-procured medical treatment, apportionment, attorney's fees, penalties and interest. The parties desire to avoid the hazards and delays of litigation and wish to buy their peace.

It is agreed that any and all claims of Terrel Hoffman concerning interest and penalties payable by reason of the Order Approving Compromise & Release have been considered by the parties in their negotiations. All claims to interest and penalties are hereby settled provided payment of the proceeds of this Compromise & Release are issued within twenty-five (25) days of defendant's receipt of the Order Approving Compromise & Release.

It is specifically agreed by and between the parties that any and all claims of applicant's dependents, if any, to death benefits which would be payable by reason of the illness, injury, disabilities and impairments as described herein and in the medical file and reports have been considered by the parties in this Compromise & Release, and in consideration of the payments and promises made herein, such claims are hereby settled.

In consideration of the payments and promises made herein,  Terrel Hoffman specifically acknowledges and agrees that she is settling any and all claims to injury, disability, impairment or retroactive benefits which could be claimed or which could be payable as a result of the injuries alleged in paragraph one of this Compromise & Release, including, but not limited to, claims for retroactive temporary disability benefits, vocational rehabilitation temporary disability, vocational rehabilitation maintenance allowance benefits, self-procured medical expenses, and reimbursement for medical mileage.

In consideration of the payments made herein, Terrel Hoffman agrees that she is settling any and all claims to injury and benefits to those body parts listed within paragraph 1 of this Compromise & Release, whether such claim is asserted to arise from a specific incident, a series of specific incidents, from cumulative trauma,

from cumulative stress and strain, or from the termination from her employment with Synopsys.

In consideration of the payments and promises made herein, any and all claims for retroactive indemnity benefits of any kind, penalties and interest of any kind, self-procured medical expenses, reimbursement for medical mileage and any all medical expenses are hereby settled.

In consideration of the payments made herein, Terrel Hoffman further agrees that she is settling not only all claims to injury and benefits for the body parts listed in Paragraph 1, she. is further settling any and all claims to injury and benefits for any illness, injury, or medical condition asserted to be a sequellae to or secondary to the claimed injuries and body parts listed within Paragraph 1 of this Compromise & Release.

In consideration of the payments listed herein to be made, Terrel Hoffman agrees that she is settling any and all claims to reinstatement, lost wages, backpay, frontpay, lost work benefits, costs or attorney's fees.

In consideration of the payments and promises made herein, any and all compensable consequences of the injuries claimed herein are settled.   Terrel Hoffman understands and agrees that this settlement discharges Synopsys and its workers' compensation administrator and insurance carrier from any claims to benefits of whatever kind or nature arising out of any injuries sustained in connection with participation in any and all activities related to the supplemental job displacement voucher.   The Workers' Compensation Judge's attention is directed to Carter v. County of Los Angeles (1986) 51 CCC 255 and Rodgers vs. WCAB, et al. (1985) 50 CCC 299, and the principles therein in determining the adequacy of this provision.

In consideration of the payments made herein, this Compromise & Release settles any and all claims of illness, impairment, disability or injury to the body parts listed in paragraph one of the Compromise & Release, which claims are in any fashion premised upon, related to, arise out of, or occur in the course Terrel Hoffman's  employment with Synopsys whether such claim(s) be presented as a specific injury or a series of specific injuries, or whether such claim(s) is alleged to result from cumulative trauma.

Terrel Hoffman, **BY HER SIGNATURE HEREIN, REPRESENTS AND AGREES THAT SHE FULLY UNDERSTANDS HER RIGHTS TO DISCUSS ALL ASPECTS OF THIS AGREEMENT WITH HER ATTORNEY.**

TO THE EXTENT SHE SO DESIRES, _Terrel Hoffman_ HAS CONSULTED WITH HER ATTORNEY. _Terrel Hoffman_ HAS CAREFULLY READ AND FULLY UNDERSTANDS THE PROVISIONS OF THIS AGREEMENT. _Terrel Hoffman_ ACKNOWLEDGES SHE IS KNOWINGLY AND VOLUNTARILY ENTERING INTO THIS AGREEMENT.

X _10/17/06_
Date

X _____
Terrel Hoffman, applicant

_6/28/06_
Date

_____
Bruce Baum, attorney for applicant

_11/21/06_
Date

_____
William Armstrong, attorney for defendant

*** End of Addendum "A" ***

## ADDENDUM "B" TO COMPROMISE & RELEASE

WCAB CASE NO(s): SAL 0111379

**Terrel Hoffman v. SNCC for Synopsys adjusted by Matrix Absence Management**

Notwithstanding any other provision of this Compromise and Release, the parties agree that nothing in this Compromise and Release shall release or impair Terrel Hoffman's right to pursue her claim for disability benefits due under the Group Disability Income Policy issued to Synopsys, Inc. by Liberty Life Assurance Company of Boston. The parties further agree that nothing in this Compromise and Release shall impair, release, waive or impact any defenses available to Liberty Life Assurance Company of Boston under the Group Disability Income Policy issued to Synopsys, Inc. The parties understand and agree that Terrel Hoffman may take whatever actions are necessary to pursue her rights to disability benefits provided under the Group Disability Income Policy issued by Liberty Life Assurance company of Boston to Synopsys, Inc., including the filing and prosecution of a lawsuit for benefits due and other remedies available under ERISA, and that such a lawsuit may require her to name as a defendant the ERISA plan established by Synopsys, Inc. As well as Liberty Life Assurance Company of Boston. Nothing in this Compromise and Release will release, impair, or waive any rights or defenses available to Synopsys, Inc. Or any ERISA plan established by Synopsys, Inc.

Terrel Hoffman, **BY HER SIGNATURE HEREIN, REPRESENTS AND AGREED THAT SHE FULLY UNDERSTANDS HER RIGHTS TO DISCUSS ALL ASPECTS OF THIS AGREEMENT WITH HER ATTORNEY. TO THE EXTENT SHE SO DESIRES,** Terrel Hoffman **HAS CAREFULLY READ AND FULLY UNDERSTANDS THE PROVISIONS OF THIS AGREEMENT.** Terrel Hoffman **ACKNOWLEDGES SHE IS KNOWINGLY AND VOLUNTARILY ENTERING INTO THIS AGREEMENT.**

10|17|06
Date

Terrel Hoffman, applicant

10\11\06
Date

Bruce Baum, attorney for applicant

11/5/06
Date

William Armstrong, attorney for defendant

**** End of Addendum "B" ***

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
)
COUNTY OF SANTA CRUZ )

I am a citizen of the United States and a resident of the County of Santa Cruz; I am over the age of eighteen years and not a party to this action; my business address is 1500 41st Avenue, Suite 240, Capitola, CA 95010.

On December 8, 2006 I served the within **ORDER APPROVING, AND COMPROMISE & RELEASE** on all parties.

on the parties of the within action in an envelope with postage thereon fully prepaid, in the United States mail at Capitola, California, addressed as follows:

Matrix Absence Management
Attn: Tony Putulin
P.O. Box 11035
San Jose, CA 95103
408/360-9442

William J. Armstrong, Esq.
Armstrong Law Firm
Two North Second St., Suite 1200
San Jose, CA 95113
408/279-6590

Terrel Hoffman
2694 McKinley Place SE
Port Orchard, WA 98366

Charles Perkins, Esq
Flynn, Rose, & Perkins
59 N. Santa Cruz Avenue, Suite 2
Los Gatos, CA 95030

I, Marilyn Michel, declare under penalty of perjury under the Laws of the State of California that the foregoing is true and correct.

Executed on December 8, 2006 at Capitola, California.

_____
Marilyn Michel

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

___ Priority
___ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

Case No. SA CV 05-0735 DOC MLG(x)                    Date: April 12, 2006

Title: CARLEEN HALLSTEAD v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

---

DOCKET ENTRY

[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

Date:_____    Deputy Clerk: _____

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

DOCKETED ON CM
APR 1 3 2006
BY ___ 040

Kristee Hopkins                         Not Present
Courtroom Clerk                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                            NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANT'S EX PARTE
APPLICATION FOR ORDER MODIFYING SCHEDULING
ORDER (1) TO CONTINUE THE MOTION CUT-OFF DATE,
AND (2) TO GRANT DEFENDANT LEAVE TO SERVE AND
FILE SECOND AMENDED ANSWER

        Before the Court is Defendant's Ex Parte Application for Order Modifying Scheduling
Order (1) To Continue the Motion Cut-off Date, and (2) To Grant Defendant Leave to Serve and File
Second Amended Answer ("Application"). After reviewing the moving and opposing papers, and for
the reasons set forth below, the Court GRANTS Defendant's Application.

        The Court initially grants Defendant's unopposed request to extend the motion cut-off
date by one week to accommodate its clerical error. This would permit Defendant's summary judgment
motion, already filed with the Court, to be heard on April 24, 2006, the date for which it is currently set.
No other dates in the scheduling order are affected, there is no prejudice to Plaintiff, and Defendant
filed its summary judgment motion early enough for it to have been calendared on the original motion

MINUTES FORM 11 DOC                              Initials of Deputy Clerk
CIVIL - GEN                                      Page 1 of 3

cut-off date, meaning that Defendant did not gain an advantage from the additional week.

The second request in the Application, to amend the answer, is opposed by Plaintiff. In an order issued on September 9, 2005, the Court notified that parties that they would have ninety dates after the issuance of a scheduling order to amend the pleadings. The Court issued a Scheduling Order in this case on November 14, 2006. Rule 16(b), not Rule 15, governs a motion for leave to amend pleadings when a scheduling order has established a deadline that has already expired. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." A determination of good cause "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The focus of the court's analysis is on the moving party's reasons for amendment, although the court may also consider the prejudice to the opposing party. *Id.*

The Court has determined that Defendant has shown good cause to file and serve the Second Amended Answer. Defendant seeks to amend its answer to add an affirmative defense based on a general release Plaintiff signed with her employer, Glovia. *See* Decl. of Robert M. Forni, Jr., Ex. B ("the Release"). Defendant has submitted credible and uncontradicted evidence that it was not aware of the Release until very recently,[1] that it promptly served the document on Plaintiff when it received it, and soon thereafter filed the instant Application. *See generally* Forni Decl.

Plaintiff argues in opposition to the Application that she did not understand the Release she signed to have given up any rights related to this lawsuit, and contends now that it does not. These are questions that go to the merits of the proposed affirmative defense, not to whether the Court should permit Defendant leave to amend the answer. Plaintiff's understanding of the release's impact does not necessarily obviate its legal effect.

Plaintiff also argues that the general release does not cover claims like the one she has raised in this action. The document Plaintiff signed purports to release "all claims, liabilities, demands, obligations, actions, costs, or other legal responsibilities of any kind" she might have against her employer. *See* Release § 1.6. It also exempts from its coverage claims for retirement benefits. *Id.* § 1.7. At this stage, the Court cannot say as a matter of law whether the benefits Plaintiff seeks in the pending action do or do not fall within the exemption. Accordingly, Defendant should be permitted to add the affirmative defense, and the Court can address the merits as the parties raise them. Finally, the Court notes for the record that Plaintiff does not present any evidence or argument that the proposed amendment would prejudice her interests.

---

[1]The Court credits Plaintiff's contention that she had not turned the document over or mentioned its existence during the discovery period because she had forgotten about it.

For the foregoing reasons, the Court GRANTS Defendant's Application. The Proposed Second Amended Answer submitted by Defendant with the Application will be filed with the Court.

The Clerk shall serve this minute order on all parties to the action.

MINUTES FORM 11 DOC
CIVIL - GEN

Initials of Deputy Clerk _____
Page 3 of 3