CHARLES B. PERKINS #126942
FLYNN, ROSE & PERKINS
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
(408) 399-4566
Email: cbperk@earthlink.net

Attorney for Plaintiff
TERREL HOFFMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERREL HOFFMAN,

    Plaintiff,

vs.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, and SYNOPSYS, INC. LONG TERM DISABILITY PLAN,

    Defendants.

Case No. C08 00301 JF (HRL)

TERREL HOFFMAN'S REPLY TO DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA

Date:        August 19, 2008
Time:       10:00 a.m.
Courtroom: 2
Judge:     The Honorable Howard Lloyd

I.    RESPONSE TO LIBERTY'S LEGAL ANALYSIS.

    A.    <u>Liberty's argument that subpoenaing Plaintiff's severance agreement does not open up the Administrative Record ignores the fact that Liberty could have obtained the information during the claim and appeal process, thus making it part of the Administrative Record; Allowing Liberty to Conduct Discovery to Correct the Deficiencies of its Claim and Appeal Process Violates ERISA Case Law.</u>

Liberty argues that it "is not limited to the Administrative Record in order to assert an affirmative defense." (Opposition, 6:11-12) This assertion is not supported by any citation to authority and is directly contrary to <u>Taft v. Equitable</u> 9 F.3d 1469, 1472 (9th Cir. 1993), which held that permitting District Courts to consider evidence from either party that was not part of the Administrative Record would seriously impair the achievement of ERISA's goal of providing a

TERREL HOFFMAN'S REPLY TO DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA, CASE NO. C08 00301 JF (HRL)

Page 1

method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously.  A claims administrator should adequately investigate a claim or ask the claimant for necessary information. (Booton v. Lockheed Med. Benefit Plan, 110 F.3d 1461, 1463-64 (9th Cir. 1997).)

If an ERISA Defendant is allowed to conduct discovery as to affirmative defenses, then ERISA Defendants will have no incentive to investigate a claim before denying it.  This is illustrated by present case.  Liberty's counsel's declaration documents that on June 6, 2008, she made a phone call to Synopsys, Inc. and was told that there had been a severance agreement entered into as part of the termination of Hoffman's employment.  There is no reason why that phone call could not have been made during the claim and appeal process.  Liberty tries to excuse its claims personnel's failure to perform this investigation by pointing out that they are not attorneys, but there is no explanation of why you need to be an attorney to check to see if there is a severance agreement.  Liberty could ask the question on its claims forms.

Liberty's discussion of Parisi v. Kaiser Foundation Health Plan Long-Term Disability Plan, 2008 U.S. Dist. LEXIS, 5770 (M.D. Cal. 2008) ignores that Court's failure to consider the underlying policies of ERISA when it decided to admit the release.  It also ignores 29 USC §1133, which requires denials of benefits to set forth the facts on which the denial is based.  Finally, Parisi only considered the admissibility of evidence, not whether discovery is allowed in ERISA cases.

Liberty asserts that there has been no waiver of its right to evaluate a legal defense that may arise from a severance agreement. (Opposition, 7:1-2)  That issue is not before the court at this time.  However, it points out the kind of problems that may be created if Liberty is allowed to do discovery.  If Liberty is allowed to get the severance agreement and decides that it creates a basis for an affirmative defense, then the answer will have to be amended, and new issues will be added to the present action.  Then, the Court will have to evaluate competing arguments about whether the severance agreement does bar Plaintiff's claim.  It may be necessary for Plaintiff to conduct discovery to find out whether there is a factual basis to argue that Liberty's failure to assert the severance agreement as part of its denial of Plaintiff's claim constitutes a waiver.

TERREL HOFFMAN'S REPLY TO DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA, CASE NO. C08 00301 JF (HRL)

Page 2

The 9th Circuit has made it clear that it does not want ERISA cases to turn into discovery battles. (Abatie v. Alta Health & Life Ins. Co. 458 F.3d 955, 970 (9th Cir. 2006).) Allowing Defendants to conduct discovery as to affirmative defenses will require that Plaintiffs be allowed to conduct discovery to counter the defenses. The problem can be avoided by following existing law and rejecting Liberty's argument that it can conduct discovery as to affirmative defenses.

      B. <u>Liberty's discovery is aimed at the merits of how the claim was handled because it seeks to undo the consequences of Liberty's failure to investigate the claim and appeal; and, if discovery is allowed, it may require interpretations of the policy, the plan documents, or ERISA.</u>

Liberty argues that because the information sought by the subpoena is not aimed at the merits of the claim decision, it is relevant and admissible. (Opposition, 7:4-5) By referring to the "merits of the claim decision," Liberty is presumably referring to medical evidence used to determine whether Hoffman met the definition of disability. However, the phrase "merits of the claim decision" can just as easily refer to the overall quality of Liberty's investigation process. As previously discussed, there is no reason why Liberty could not have obtained a copy of the severance agreement during the investigation.

Liberty admits that discovery aimed at challenging the propriety of the claims decision is improper (Opposition, 7:14-17), but seeks to analogize its discovery here to the discovery that is permitted to establish a conflict of interest. (Abatie v. Alta Health & Life Ins. Co. 458 F.3d 955, 970 (9th Cir. 2006).) This is not a good analogy because the issue of conflict of interest is not claims determinative, but may affect the court's review of a claim decision. In contrast, a release may be made part of the Administrative Record and be used to deny a claim. (See, Piehl v. MetLife. 2005 U.S. Dist. Lexis 4619 (D.Or. 2005).)

Liberty further argues that allowing the discovery would not require interpretation of the policy, the plan documents, or ERISA. (Opposition, 7:18-21) This is speculation, and is probably incorrect. Assuming that there is a severance agreement that releases certain parties from certain claims, the court may be required to decide whether Liberty is among the released parties and this may require interpretation of ERISA. For example, in <u>Groska v. Northern States Power Company</u>

TERREL HOFFMAN'S REPLY TO DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA, CASE NO. C08 00301 JF (HRL)

Page 3

Pension Plan, 2007 U.S. Dist. LEXIS 71081; 42 Employee Benefits Cis. (BNA) 2259 (D. Minn. 2007), one of the issues was whether a severance agreement and release barred a disability claim. The court spent several pages discussing this issue. Ultimately the court held that because ERISA recognizes the separate existence of employee benefit plans under *29 U.S.C. §1132(d)(1) and (2)*, and because the plan was not named as a released entity, the claim for disability benefits was not barred by the release. (Id. at 22-24)  This shows that the District Court may be required to construe ERISA if Liberty is allowed to conduct discovery.

    C.    <u>Liberty's argument that it should be allowed to conduct discovery because waiver of benefits under ERISA is a viable defense ignores 9th Circuit authority that requires ERISA claims to be fully evaluated during the claim and appeal process</u>.

Hoffman does not dispute Liberty's point that a properly drafted severance and release agreement signed upon termination of employment can operate to bar a Plaintiff's claim for disability benefits under ERISA. However, Liberty's assertion that, if the end result is permissible, a subpoena is also permissible, does not follow, and Hoffman disagrees with it. (Opposition, 8:20-22)

As pointed out throughout Plaintiff's Motion to Quash and in this Reply Brief, discovery in ERISA cases subject to an abuse of discretion standard is limited to evidence bearing on a claims administrator's conflict of interest. (Abatie, supra)  The reasons for this limitation include that it promotes full development of the issues in a non-adversarial context (Amato v. Bernard, 618 F.2d 559, 567 (9th Cir. 1980)), and it is supposed to provide a method for workers and beneficiaries to resolve disputes inexpensively and expeditiously. (Taft, supra)  Arguing that discovery is permitted because it may produce relevant information is contrary to this rule.

Liberty cites Hallstead v. Liberty Life Assurance Co. of Boston, Case No. SA CV05-0735 DOC (MLGx) (C.D. Cal. April 12, 2006) for the proposition that the court can consider a severance agreement and release that was not contained in the Administrative Record or used as a basis for the denial. However, the Hallstead court failed to explain how doing so is consistent with ERISA's policies, or with *29 U.S.C. 1133*, which requires that all facts on which the denial is based be set forth in the denial letter.

TERREL HOFFMAN'S REPLY TO DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA, CASE NO. C08 00301 JF (HRL)

Page 4

Liberty's decision to introduce a copy of Hoffman's Order Approving Compromise and Release in her Workers' Compensation claim as a basis for allowing the discovery is surprising. (Ex. A to Declaration of Jennifer Williams.) Hoffman disclosed this information because Rule 26 <u>requires</u> Plaintiff's Disclosures to set forth the basis for their claim of damages, and the Workers' Compensation benefits that Hoffman received are part of that issue because they are offsettable. Hoffman had anticipated that Liberty would have objected to the introduction of the Workers' Compensation information for any other purpose, but Liberty has now introduced the evidence.

D. <u>Liberty's Argument That Allowing It To Obtain Discovery Would Promote Efficiency Is Contrary To The Rule That The District Court's Review Of ERISA Disputes Should Be Limited To The Administrative Record</u>.

Liberty argues that, if discovery is denied and Hoffman wins her case for own occupation benefits, the claim will then be remanded to Liberty for consideration of further benefits, and that Liberty will then evaluate whether any severance agreement that Hoffman may have signed bars her receipt of disability benefits. (Opposition, 9:4-24) From this premise, Liberty argues that it would be more efficient for the court to allow discovery so that the effect of the severance agreement can be determined sooner, by the court, rather than later, by the claims administrator. However, having the claims administrator perform the initial evaluation of the severance agreement is what ERISA requires.

Defendant's argument asks the court to allow discovery where it has never previously been allowed for nothing more than potential expediency in this case. Allowing discovery outside of the very narrow boundaries established by <u>Abatie</u>, <u>supra</u>, is not something that should be done based on potential expediency in one case.

E. <u>A Protective Order ensures that Liberty will not pursue other efforts to engage in discovery in this matter.</u>

A protective order may be issued to protect a party from oppression and undue burden or expense. If the Court quashes the subpoena but does not issue a protective order, Liberty might attempt to conduct prohibited discovery in some other fashion. Having to defend against other attempts to obtain prohibited discovery would constitute oppression, or undue burden or expense.

TERREL HOFFMAN'S REPLY TO DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA, CASE NO. C08 00301 JF (HRL)

Page 5

1  Therefore, a protective order is appropriate.

2  Liberty complains that Hoffman has coined the term "Administrative Remedy Rule." (Opposition, 10:6-8) It is true that phrase is not used in case law. Rather than those exact words, case law speaks in terms of there being a requirement to "exhaust administrative remedies," (Amato, supra at 567; Abatie, supra at 961), which requires both parties to present their evidence to the plan administrator, and prohibits district courts from considering evidence not presented to the plan administrator. (Taft, supra at 1472) This exhaustion requirement results in the exclusion of evidence for and against the ultimate issue of whether the claimant is entitled to benefits. (See. e.g., Opeta v. Northwest Airline Pension Plan, 484 F.3 1211, 1219-1220 (9th Cir. 2007).) Plaintiff submits that referring to this exhaustion of administrative remedies requirement as the Administrative Remedy Rule is a reasonable characterization of this aspect of ERISA law.

## II.    CONCLUSION

Our courts have strictly limited discovery in ERISA cases to support the language of the statute and the policies underlying the statute. Liberty has been unable to cite a single case in which discovery in support of an affirmative defense has been allowed.

Liberty has cited two District Court cases in which releases that were not part of the Administrative Record were admitted into evidence. However, these cases failed to acknowledge ERISA's policies or even cite 29 U.S.C. §1133. More importantly, these were cases where the Defendant had the evidence and they do not support the position that discovery can be conducted.

Liberty's request for discovery is contrary to 29 U.S.C. §1133, the policies underlying the statute, and case law. Therefore, Plaintiff's Motion to Quash should be granted and a protective order issued to ensure that Hoffman will not have the burden of responding to further discovery requests.

DATE: August 5, 2008                          FLYNN, ROSE & PERKINS

                                              By    /s/ Charles B. Perkins
                                                    CHARLES B. PERKINS
                                                    Attorney for Plaintiff

TERREL HOFFMAN'S REPLY TO DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA, CASE NO. C08 00301 JF (HRL)

Page 6