*E-filed 9/16/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERREL HOFFMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>        Defendant.                    / | No. C08-00301 JF (HRL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO QUASH AND GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

       Plaintiff Terrell Hoffman brought suit against defendant Liberty Life Assurace Company of Boston ("Liberty") for payment of Long Term Disability benefits under 29 U.S.C. § 1132(a)(1)(B), the civil lawsuit provision of the Employee Retirement Income Security Act ("ERISA"). Liberty subpoenaed Synopsis, Inc., plaintiff's prior employer, for any and all documents related to Hoffman. She now moves to quash the subpoena and for a protective order.

### FACTUAL BACKGROUND

       Hoffman claims that she became disabled while employed by Synopsis. Synopsis' Long Term Disability Benefit Plan provided benefits through insurance purchased from Liberty. Soon thereafter, Hoffman executed a severance agreement and left her employment. Liberty claims it had no notice of the severance agreement during its claim handling process. Liberty now wants Synopsis to turn over Hoffman's personnel file in the hope that it would support an argument

that plaintiff waived or released her right to claim disability benefits. No one disputes that Liberty's denial of benefits was not based on any waiver or release.

## LEGAL STANDARD

Upon a timely motion, Federal Rule of Civil Procedure 45(c)(3) requires the court to quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." This court has broad authority under Fed. R. Civ. P. 26(c) to issue protective orders regarding discovery. *Gray v. Winthrop Corp.*, 133 F.R.D. 39, 39 (N.D. Cal. 1990).

## DISCUSSION

**I.   Plaintiff's Motion to Quash**

According to plaintiff, ERISA's "administrative record rule" requires the court to review a decision to deny benefits using only the administrative record, unless one of two limited exceptions apply. Neither party contends that this case presents one of these exceptions. Hoffman also wants the subpoena quashed because, according to her, such discovery is contrary to ERISA's "primary goal" of providing "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Taft v. Equitable,* 9 F.3d 1469 (9th Cir. 1993). Plaintiff asserts that allowing the defendant to subpoena this information will turn what is intended to be a simple matter into an expensive and drawn out discovery battle. Further, permitting discovery undermines a Plan Administrator's incentive to fully develop the administrative record during the claims process.

Defendant agrees with plaintiff's basic statements of the law, but claims that its subpoena is aimed at "exploring an affirmative defense, and is therefore permissible." Because Liberty is, supposedly, only going to use the subpoenaed information to support its affirmative defense of waiver, it argues that the court should permit the discovery.

Defendant cites *Parisi v. Kaiser Family Foundation* to support its argument that discovery to support an affirmative defense is permitted in ERISA cases. 2008 WL 22010 (N.D. Cal. 2008). In *Parisi*, the court found that the plaintiff had waived his claims based on a severance agreement that was not part of the administrative record. Because the court

2

"review[ed] the Release as part of Defendant's affirmative defense of waiver," and because this inquiry did not go to the "merits" of the denial, the court found that it was not limited to the administrative record. *Id.* at *3. However, nothing in the *Parisi* record indicates that the release the court referred to was subpoenaed, or subject to any discovery dispute. The question before the *Parisi* court was whether to consider evidence already before it. The question here is whether this court should permit the defendant to subpoena "any and all documents related to Terrel Hoffman" in support of a possible claim of waiver or release.

Plaintiff's motion to quash the subpoena is denied. The defendant is not attempting to engage in a fishing expedition; plaintiff acknowledges that the severance agreement exists. Allowing defendant to have a copy of that agreement does not, in the court's view, do violence to the rule limiting discovery in ERISA cases.

At this point, Liberty has not pled an affirmative defense based on waiver or release and this court expresses no opinion on whether it should be allowed to amend its answer. Furthermore, this ruling is without prejudice to plaintiff's right to argue that any such agreement is inadmissible or unenforceable, and/or that the defendant is estopped or otherwise barred in law or equity from raising an affirmative defense premised on a release of claims. In short, defendant may see the severance agreement; its right to use it, and to what purpose, are different questions entirely.

## II.     Plaintiff's Motion for Protective Order

A court may grant a protective order upon a motion showing good cause, and a good faith effort to resolve the dispute without the court. *See* FED. R. CIV. PRO. 26(c)(1). The order may be issued to protect a party from undue burden or expense, and may limit the scope of the discovery. *Id.*

//
//
//
//
//

3

This court does not contemplate that its ruling opens the door to wide ranging discovery. However, plaintiff's motion for protective order is granted because the subpoena is overly broad. In response to the subpoena, Synopsis shall only produce a copy of any release and/or severance agreement executed by plaintiff in conjunction with the termination of her employment, as well as any documents relating to its negotiation, interpretation or execution.

**IT IS SO ORDERED.**

Dated: 9/16/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4